IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **STEPHEN L. LaFRANCE HOLDINGS, INC.,** *et al.* | **PLAINTIFFS** |
| **UNITED STATES OF AMERICA** | **INTERVENOR** |
| v.    4:11-CV-00807-BRW | |
| **GARRET SORENSEN,** *et al.* | **DEFENDANTS** |

### ORDER

Pending is Defendant Garret Sorensen's ("Sorensen") Amended and Substituted Rule 37 Motion for Attorneys' Fees (Doc. No. 77) in which he asks for attorney's fees[1] of $10,000 under Rule 37 from Respondent Ryan Solomon. Solomon has responded and "will not contest" the requested amount -- although Solomon stands on his objection to any fee being awarded.[2] His exception is saved. Accordingly, Sorensen's motion is GRANTED; Solomon is directed to pay Sorensen $10,000 in attorney's fees.

Also pending is Sorensen's Amended and Substituted Motion for Attorneys' Fees for Motion to Remand and for Rule 11 Sanctions Against the Government for Improper Removal

---

[1]In reviewing Sorensen's request for "attorneys' fees," I

> stumbled into a style and usage skirmish that is reminiscent of the egg-cracking dispute between Lilliput and Blefuscu. *See* Jonathan Swift, *Gulliver's Travels,* at 40-41 (Signet Classics, 1999). In *Gulliver's Travels,* the two nations warred over whether the big end or the little end of the egg should be uppermost when the egg was eaten. *Id.* Likewise, in the federal reporters, numerous courts have struggled to resolve the "stylistic dilemma of whether to use 'attorney fees,' 'attorneys fees,' 'attorney's fees,' or 'attorneys' fees'. . . .

*Days Inn Worldwide, Inc. v. Inv. Props. of Brooklyn Center, LLC*, No. 10-609, 2011 U.S. Dist. Lexis 116061, at *16-17 n.1 (D. Minn. Aug. 26, 2011).

> For uniformity's sake, I will use "attorney's fees" throughout this Order.

[2]Doc. No. 79.

1

(Doc. No. 76). The Government has responded,[3] and Sorensen has replied.[4] For the reasons set out below, the motion is DENIED.

Also pending is Katherine Sorensen's Revised Motion for an Award of Attorney's Fees Pursuant to Federal Rule of Civil Procedure 11 and the Equal Access to Justice Act (Doc. No. 78). The Government has responded,[5] and Ms. Sorensen has replied.[6] For the reasons set out below, Ms. Sorensen's motion is also DENIED.

## I. BACKGROUND

The detailed factual and procedural background of this case and the related criminal case is set out in an earlier Order,[7] so I will not repeat it here. The background relevant to the pending motions is as follows: Plaintiffs filed a civil suit against Garret Sorensen, Katherine Sorensen, and Shannon Walters in the Circuit Court of Pulaski County, Arkansas, while a federal criminal case was pending against those individuals. The Government removed the case on October 7, 2011.[8] A November 10, 2011 Show Cause Order directed the Government to show cause why Rule 11 sanctions should not be imposed against it if its petition for removal was

---

[3]Doc. No. 80.

[4]Doc. No. 82.

[5]Doc. No. 80.

[6]Doc. No. 83.

[7]Doc. No. 67. I incorporate the findings of fact and conclusions of law in the December 13, 2011 Order by reference.

[8]Doc. No. 2.

without merit.[9] I held a show cause hearing on November 28, 2011, which the Government attended.[10]

A written order followed on December 13, 2011, in which I found that the Government improperly removed this case under 28 U.S.C. § 1442(a)(1), the federal officer removal statute.[11] The Government's removal was admittedly "an attempt to avoid legitimate discovery in a civil action"[12] and ignored

> what I thought was the obvious: there is no federal officer or agent involved in the civil case; no federal statute is involved; no party was acting at the direction of a federal officer or agent; the Government had not been sued; there was no judicial power invoked against the Government; and Defendants were not seeking information from the Government.[13]

Further, the Government failed to cite any law "supporting the removal of a civil case based solely on the claimed enforcement of the Federal Rules of Criminal Procedure in a state court civil case; and I have yet to find any such case."[14]

The December 13 Order found that Rule 11 sanctions might be appropriate, and gave Defendants a deadline by which to file a motion for Rule 11 sanctions against the Government in connection with the removal -- if Defendants so wished. The Order provided that "the only issue to be addressed is the proper amount of monetary sanctions, if any."[15]

---

[9]Doc. No. 34.

[10]*See* Doc. No. 63.

[11]Doc. No. 67.

[12]At a November 10, 2011 hearing, an Assistant United States Attorney involved in this case conceded that discovery in the state-court civil proceeding was legitimate.

[13]*Id.*

[14]*Id.*

[15]*Id.*

3

## II.   DISCUSSION

Under Rule 11(b) of the Federal Rules of Civil Procedure, by presenting a pleading or other paper to the court, an attorney "certifies to the best of the person's knowledge, information, and belief" that "the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[16] The attorney also certifies that the pleading or other paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[17] The court may impose a reasonable sanction on an attorney, law firm, or party that violated Rule 11(b). Attorney's fees may be imposed on motion of the aggrieved party. Other monetary sanctions may be imposed *sua sponte* under certain circumstances.[18] "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction."[19]

### A.   Attorney's Fees

When a party files a motion for sanctions under Rule 11 and asks for attorney's fees, the party must serve the motion, but wait 21 days after serving the motion before filing it with the court.[20] This 21-day "safe harbor" period gives the served party the opportunity to correct or withdraw its papers, and is a procedural prerequisite to an award of attorney's fees.[21]

---

[16] Fed. R. Civ. P. 11(b)(2).

[17] Fed. R. Civ. P. 11(b)(1).

[18] *Marlin v. Moody Nat'l Bank N A*, 533 F.3d 374, 378 (5th Cir. 2008) (quoting Fed. R. Civ. P. 11(c)(5)(B)).

[19] Fed. R. Civ. P. 11(d).

[20] Fed. R. Civ. P. 11(c)(2).

[21] *Id.*

Sorensen filed his Rule 11 motion requesting attorney's fees, apparently without first serving the Government. Further, Sorensen filed his motion after this case was remanded, which deprived the Government of any chance to withdraw or correct its removal.[22] The procedural requirements of Rule 11(c)(4) have not been met, so awarding attorney's fees would be inappropriate. Katherine Sorensen faces the same procedural bar.

### B. Monetary Sanctions

Sorensen contends that the safe harbor provision is inapplicable here and that attorney's fees are nonetheless appropriate as a monetary sanction.[23] The 1993 amendment of Rule 11, the Advisory Committee Note, and case law make clear that attorney's fees are not considered a monetary sanction.[24] Under Rule 11(c)(3) and (c)(5), a court may impose a monetary sanction on its own initiative -- if the court first issued a show cause order.[25] The nature of a monetary sanction under Rule 11(c)(3) and (c)(5), however, is limited to "an order to pay a penalty into

---

[22] See *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

[23] Doc. No. 82.

[24] *See* Fed. R. Civ. P. 11(c)(4); *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 926 (7th Cir. 2004) ("[I]f the sanction is imposed on the court's own motion, attorney's fees cannot be awarded."); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 13363.3, at 705 (3d ed. 2004).

[25] In connection with Rule 11 sanctions on the court's own initiative, the Eighth Circuit explained:

> Rule 11 provides a specific procedure to be followed when sanctions are considered. A district court may impose Rule 11 sanctions on its own initiative, but it must first enter an order describing the specific conduct that appears to violate Rule 11(b), and direct the attorney to show cause why he has not violated the rule. Then, when imposing sanctions, the court is required to describe the conduct determined to constitute a violation of Rule 11, and explain the basis for the sanction chosen.

*Jones v. UPS*, 460 F.3d 1004, 1008 (8th Cir. 2006) (internal citations omitted).

court."[26]  I note that "the primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all its costs in defending."[27]  A sanction must not be greater than that required to deter repetition of the conduct.[28]

Here, there was a show cause order and a show cause hearing.  As set out above, the Government admitted[29] that its removal of this case was an attempt to avoid legitimate discovery in a civil action -- which is not a proper reason for removing a case -- and I held that the removal was not supported by existing case law.[30]  Further, there is no argument for extending or modifying existing case law to support the removal.  The Government's conduct violated Rule 11(b)(1) and (2).

The Government contends that "under the circumstances, the Court's ruling ordering remand in and of itself 'suffices to deter repetition of the conduct.'"[31]  The fact that the United States Attorney stated "as long as I am United States Attorney, we will do it again if the need arises,"[32] however, weakens the Government's position.[33]  The Government's conduct was willful; the Government intended to thwart legitimate discovery in a state-court civil case -- citing the Federal Rules of Criminal Procedure as a basis.  The Government's reliance on

---

[26]Fed. R. Civ. P. 11(c)(4).

[27]*Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994) (citing *White v. General Motors*, 908 F.2d 675 (10th Cir. 1990).

[28]Fed. R. Civ. P. 11(c)(4).

[29]*Supra*, footnote 12.

[30]Doc. No. 67.

[31]Doc. No. 80.

[32]Doc. No. 45. United States' Response to Show Cause Order.

[33]In fairness, this statement was made before the December 13 Order remanding the case.

28 U.S.C. § 1442(c) in removing this case was unfounded.  All things considered, sanctions are warranted.

After a case has been remanded, only limited nonmonetary sanctions are available.  I can think of none that would be appropriate here.

Attorney's fees are "a reasonable measure of an appropriate monetary sanction."[34]

Both Sorensen and Ms. Sorensen included fee petitions in their motions.  I find that the rates charged by all lawyers involved are reasonable, but that the hours claimed in challenging the removal were excessive.  A total of $4,000 would have been an appropriate award as to Sorensen and     Ms. Sorensen together.  Accordingly, I impose a total penalty of $4,000 on the Government to be paid into the United States District Court for the Eastern District of Arkansas.

IT IS SO ORDERED this 1st day of February, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[34]*MHC Inv. Co. v. Racom Corp.*, 209 F.R.D. 431, 438 (8th Cir. 2002).